UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| MICHAEL VAUGHN and TIMOTHY KENDRICK, | ) ) ) |
| Plaintiffs, | ) ) ) 2:21-CV-61 |
| vs. | ) ) |
| RUSSELL E. TAYLOR, | ) ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Defendant has filed a Motion for Sanctions [Doc. 52], asserting that Plaintiffs have repeatedly failed to comply with discovery rules and this Court's orders. Further Defendant contends that Plaintiffs' lawsuit is grounded in fraud. Based on the alleged noncompliance and fraud, Defendant requests sanctions of up to and including dismissal of Plaintiffs' claims and an award of all attorney's fees and litigation costs he has incurred. Plaintiffs, who are proceeding pro se, filed a responsive pleading [Doc. 54] wherein Plaintiffs move for, among other things, a denial of the Motion for Sanctions. On February 22, 2022, a hearing was conducted and pro se Plaintiffs and defense counsel were present and presented argument addressing the motion. The motion is now ripe for resolution and comes before this Court pursuant to 28 U.S.C. § 636 and standing orders of the District Court.

    I.    **FACTUAL BACKGROUND**

On June 1, 2020, Plaintiffs filed an amended complaint ("complaint") in Sullivan County Circuit Court. [Doc. 1-1], which Defendant removed to federal court. [Doc. 1]. After removal,

Defendant filed a Motion to Dismiss [Doc. 6] and an Answer and Counterclaim [Doc. 8]. After a briefing period, the Motion to Dismiss was granted in part and denied in part. [Doc. 18]. The parties then proceeded with the discovery process, and on September 13, 2021, Defendant filed a Motion to Compel. [Doc. 28]. A Response and Reply were subsequently submitted. [Docs. 30-31]. Before the discovery motion was ruled on, Plaintiffs' counsel filed a motion seeking to withdraw. [Doc. 35]. On October 26, 2021, the Court granted the withdrawal request, and Plaintiffs were provided with thirty (30) days to retain new counsel. [Doc. 41].

On November 4, 2021, the Court entered an Order setting a status conference with pro se Plaintiffs and defense counsel. [Doc. 43]. The Order stated, in pertinent part, that "[t]he parties shall appear before the Court for a status conference on Monday, November 15, 2021, at 10:30 a.m. Plaintiffs themselves shall appear for the conference regardless of whether they have new counsel." [Doc. 43, p. 2]. A copy of the letter was sent to Plaintiffs by U.S. Mail. On November 15, 2021, when this case was called on the docket, only defense counsel appeared as directed. [Doc. 45]. An order was entered following the hearing which memorialized Plaintiffs' absence and their responsibilities related to discovery moving forward. [Doc. 46]. Then, on December 27, 2021, Defendant filed a Motion for Summary Judgment and a Motion for Sanctions. [Docs. 50, 52]. The Motion for Sanctions was referred to this Court.

In his Motion for Sanctions, Defendant provides a case history and details the reasons he asserts that Plaintiffs claims against him are fraudulent. Specifically, he claims that Plaintiffs made two false representations that were critical to inducing him to invest money in CPH Brands, LLC. [Doc. 52, p. 1]. Those representations were that (1) Plaintiff Vaughn owned and would contribute a $225,000 piece of equipment which would be used by the company, and (2) Plaintiff Vaughn possessed and would transfer certain permits to the LLC which would be required for it to operate.

*Id*. Defendant notes that Plaintiff Vaughn provided Defendant with an invoice showing that he had purchased a supercritical extractor for $225,000. *Id*. at 2. However, Defendant characterizes the invoice as a fabrication and contends that the president and chief executive officer of Applied Extracts, Inc., the business which purportedly issued the statement, "has given a declaration and deposition stating that the invoice is not from his company and that his company did not sell any supercritical extractor—or any other equipment—to Vaughn." *Id*. (citing Joint Appendix[1] at 232-235, 370). Defendant emphasizes that Plaintiffs have produced no other documents which would otherwise evidence Plaintiff Vaughn's purchase, ownership and/or contribution of a supercritical extractor. *Id*. at 3. Much like the supercritical extractor, Defendant advises that Plaintiff Vaughn failed to contribute the licenses he already possessed to the LLC as promised but had instead only applied for new licenses for the LLC. *Id.* (citing Joint Appendix at 206-08, 281-82). Defendant characterizes Plaintiffs' conduct in furthering these falsehoods as fraudulent, taken in bad faith, and violative of court orders. *Id*.

Defendant seeks Rule 37 sanctions for Plaintiffs' failure to comply with multiple court orders. Specifically, Defendant alleges that Plaintiffs have (1) violated the Court's scheduling order by not filing a witness list, (2) failed to appear for a scheduled status conference, and (3) ignored an order compelling them to fully respond to discovery. *Id*. at 3-4. Additionally, defense counsel details the multiple communications they had with pro se Plaintiffs in attempting to resolve discovery issues before seeking additional assistance from the Court. *Id*. at 5-6. Specifically, Defendant's counsel states that Plaintiffs failed to appear for an initial meeting with Defendant's expert on December 6, 2021, despite notice being provided. *Id.* Counsel goes on to say that despite Plaintiffs' failure to appear, counsel continued to try to work with Plaintiffs by scheduling a second

---

[1] The Joint Appendix is available as an attachment to Defendant's Summary Judgment Memorandum. *See* Document 51-1. Pin cites to the Joint Appendix reflect numbers listed in black at the bottom of each page.

meeting with Defendant's expert on December 10, 2021, but Plaintiffs failed to appear for that meeting, too. *Id*. at 6. Further Plaintiffs have failed to provide any of the discovery materials required by the Court's order. *Id.* Defendant submits that Plaintiffs' ongoing failure to comply with discovery, necessitates Rule 37 sanctions. *Id*. at 7. Defendant suggests the breadth of noncompliance in this action makes dismissal an appropriate sanction. *Id*. at 7-11.

Defendant seeks an award of attorney's fees and litigation costs not only related to the discovery issues but for all fees and costs incurred in conjunction with the litigation. *Id*. As support, Defendant notes the Court's inherent authority to make such awards where a party litigates in bad faith, vexatiously, or for oppressive reasons. *Id.* (citing *First Bank of Marietta v. Hartford Underwriters Inc. Co.*, 307 F.3d 501, 512 (6th Cir. 2002)). Defendant further submits an award of attorney's fees and costs is appropriate where a party has fabricated evidence. *Id*. at 7-8 (citing *Plastech Holding Corp. v. WM Greentech Automotive Corp.*, 257 F. Supp.3d 867, 874 (E.D. Mich. 2017)). Defendant contends this award is appropriate in addition to any Rule 37 sanction imposed.

Finally, Defendant suggests that sanctions under Rule 11 are appropriate as well. *Id.* at 8. Defendant sent a draft motion for sanctions to Plaintiffs' former counsel on October 11, 2021, as required by Rule 11. *Id*. (citing Doc. 41). Shortly thereafter, Plaintiffs' counsel withdrew, but Plaintiffs continued to pursue their claims. *Id*. As such, Defendant submits the facts support Rule 11 sanctions.

Plaintiffs have filed a responsive pleading and motion [Doc. 54] asking the Court to reject Defendant's motion for sanctions and requesting more time to prepare. In support, Plaintiffs say their lawyers quit and suggest they have been unable to participate in some discovery due to work and family obligations. *Id*. Plaintiffs further describe a requested status hearing as "a ploy to overwhelm us and try to set us up for failure." *Id*. at 2. Plaintiffs say that "[a]s for the status hearing

itself, we did not receive notice until after we received correspondence from [defense counsel] explaining the outcome of said status hearing." *Id*. Plaintiffs then assert they have been disadvantaged, stating "[w]e already do not have the same abilities or rights of a lawyer to pursue this lawsuit and defend ourselves properly." *Id*. As such, Plaintiffs asked for more time to "retrieve evidence from" their former attorney and sought a continuance of this case. *Id*. Defendant filed a Response [Doc. 55] opposing any continuance of the proceedings.

The Court conducted a hearing on February 22, 2022. At that time, the Court received additional arguments for and against sanctions on the record. During the hearing, the Court questioned Plaintiffs about their participation. The Court learned, among other things, that Plaintiffs previously inquired with former counsel about retrieving their casefile, which is located at former counsel's office in Knoxville, but to-date had not taken any concrete steps to pick up the file or have it shipped.

## II. LEGAL ANALYSIS

Defendant has asked this Court to impose sanctions of up to and including dismissal of Plaintiffs' claims. Defendant further requests attorney's fees and costs associated with the underlying litigation. In addressing the propriety of sanctions, Defendant relies on both Fed. R. Civ. P. 11 and 37. While the Court has broad latitude in sanctioning pro se parties, courts in this Circuit have been hesitant to order Rule 11 sanctions against pro se parties. *See Russell v. Sanilac Cty.*, No. 14-13134, 2015 WL 5626628, at *5 (E.D. Mich. Sept. 24, 2015), *aff'd sub nom. DEBORAH RUSSELL v. COUNTY OF SANILAC, ET AL* (Nov. 18, 2015); *Saia v. Flying J, Inc.*, No. 15-CV-01045-STA-EGB, 2016 WL 1715196, at *3 (W.D. Tenn. Apr. 27, 2016).

Federal Rule of Civil Procedure 37(b)(2) provides that if a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue further orders including dismissing the action or proceeding in whole or in part. *See O'Dell v. Kelly Servs., Inc.*, 334 F.R.D. 486, 490 (E.D. Mich. 2020). This rule applies to represented parties and pro se parties alike. *See Edwards-Bradford v. Kellogg USA, LLC*, No. 219CV02877MSNATC, 2021 WL 1579951, at *2 (W.D. Tenn. Jan. 15, 2021). Courts must consider four factors in determining whether an action should be dismissed as a sanction for failure to cooperate with discovery: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate would lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997). While none of the factors are dispositive, "a case is properly dismissed…where there is a clear record of delay or contumacious conduct." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).

### A. First Factor

For a party's failure to cooperate in discovery to be motivated by willfulness, bad faith, or fault, it must be done with "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). Here, at a minimum, Plaintiffs have shown a willful disregard for how their actions will affect the court proceedings. They have failed to respond to discovery requests, to appear for a Court-ordered hearing, and to comply with an Order compelling discovery.

In addressing the Court during the hearing, Plaintiffs blamed their failure to comply on not having a lawyer and stated that had called large numbers of attorneys who all wanted a "$50,000.00 retainer[2]." Then, when asked why they had not complied with the Court's order on discovery, Plaintiffs stated that their former counsel was in possession of much of that information; however, despite their former attorney withdrawing several months ago, Plaintiffs had made no effort to retrieve their file from him. Plaintiff Vaughn claimed to have severe agoraphobia which prevented him from going by himself to retrieve it, and he and Plaintiff Kendrick further cited financial difficulties and car trouble. There was no explanation provided for why Plaintiffs could not have paid the modest cost related to having their prior counsel ship their file if they could not travel to Knoxville to retrieve it. When the Court inquired as to why Plaintiffs did not appear for the examination of their electronic devices by Defendant's expert as ordered by the Court, their excuse was that they had childcare issues and that Plaintiff Vaughn was trying to train dogs to earn some money. The Court found Plaintiffs' excuses at least partially lacking in credibility and certainly insufficient to excuse their failure to comply with discovery obligations and a court order in the litigation they initiated. Without question, Plaintiffs' conduct has unnecessarily delayed the progress of this lawsuit and wasted the time and resources of Defendant and the Court.

## B. Second Factor

A defendant is prejudiced by discovery violations when he or she is "unable to secure the information requested and wasted time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Norris v. MK Holdings, Inc.*, 734 F. App'x 950, 958 (6th Cir. 2018) (internal quotations and citations omitted). Here, before Defendant initially sought

---

[2] When the Court reminded Plaintiff Vaughn that he was under oath, he stated that he had been quoted $50,000.00 by one attorney and $30,000.00 by another and just assumed that all attorneys would charge that type of retainer to represent Plaintiffs.

the Court's assistance with discovery issues, his counsel made a diligent effort to obtain the outstanding discovery, sending multiple letters to Plaintiffs' counsel and to Plaintiffs. Still, Plaintiffs failed to cooperate, and Defendant was forced to seek the aid of the Court. Despite Plaintiffs' failure to appear at a status conference in the matter, the Court's Order from the hearing compelling discovery provided Plaintiffs with additional time to comply and clear direction as to their obligations. To this day and despite the passage of several months, Plaintiffs have failed to provide the required discovery responses or even to obtain their file from former counsel. Moreover, Plaintiffs have failed to meet with Defendant's expert on two (2) occasions, despite being provided notice of those meetings. Taken together, the Court finds Defendant has been forced to unnecessarily expend time, money, and effort in attempting to procure Plaintiffs' cooperation in discovery, with Plaintiffs thwarting these efforts at every turn.

### C. Third Factor

Prior notice is a key factor in determining whether it is appropriate to dismiss a case for failure to prosecute. *See Schafer*, 529 F.3d at 737-738 (quoting *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). The Sixth Circuit has "repeatedly reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." *Wu*, 420 F.3d at 644 (internal quotations omitted). In the absence of a specific warning about the possibility of dismissal, this factor may be deemed satisfied if the party to be sanctioned has engaged in contumacious conduct. *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988) (collecting cases); *Smith v. FedEx Ground Package Sys. Inc.*, No. 220CV0038WOBEBA, 2021 WL 4496380, at *2 (E.D. Ky. Sept. 30, 2021). A party's conduct is considered contumacious if the party acts with stubborn disobedience. *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir.

2013). In other words, the party is acting with a "reckless disregard for the effect of [his or her] conduct on [the] proceedings." *Wu*, 420 F.3d at 643 (internal citation omitted). For example, failing to participate in Court-ordered proceedings may be characterized as having acted with contumacious conduct. *See e.g. Coston v. Detroit Edison Co.*, 789 F.2d 377, 379 (6th Cir. 1986); *see also Carpenter*, 723 F.3d at 705 (differentiating failures to appear, which are taxing on courts and may support dismissal, with mere dilatory filing practices, which merit lesser sanctions).

Here, Plaintiffs have failed to participate in a hearing but that alone would not be sufficient for this Court to recommend dismissal. In fact, despite Plaintiffs' failure to appear, this Court considered their pro se status and reserved the issue of whether to award Defendant attorney fees for their failure to appear and failure to respond to discovery. It is Plaintiffs' conduct and failure to act since the Court entered its Order following the November 15, 2021, hearing that convinces the Court that Plaintiffs' action should be characterized as contumacious. Despite the passage of over two months since entry of the Court's order, Plaintiffs have taken no steps whatsoever to move discovery forward nor to comply with the order of the Court in any way. What is even more troubling is that Plaintiffs contend their former attorney has materials in his file which they would be required to produce pursuant to the Court's order; yet, they have taken no action to arrange for the physical return of the file. Plaintiffs failed to attend two (2) noticed meetings with Defendant's expert and while claiming that they could not make the two dates offered by Defendant's counsel work, admit that they proposed no other date for the meeting.

Given that Plaintiffs' former counsel withdrew in October 2021, and over four months have now passed, Plaintiffs' failure to obtain their casefile from him, which Plaintiffs' claim contains critical evidence, tends to evidence a stubborn disregard for the seriousness of this litigation. This conclusion is further supported by the excuses Plaintiffs provided for failing to participate. As

referenced above, during the sanctions hearing, Plaintiffs suggested the travel time to Knoxville has complicated retrieval of their files; however, they have not tried to have their files delivered by mail. Given that their former counsel's office is located in Knoxville, just over a one-hour drive from the Greeneville Division courthouse where Plaintiffs appeared for their sanctions hearing, and more than four months have now passed since his withdrawal, the Court finds this excuse severely lacking and disingenuous.

The Court further notes that Defendant filed his motion requesting sanctions on December 27, 2021, almost two months prior to the hearing held by the Court on the motion. [Doc. 52]. Additionally, given Plaintiffs' assertion that they failed to receive notice of the prior status hearing held in this matter, the Court had the hearing notice provided to Plaintiffs by both First-Class U.S. Mail and Certified Mail. It appears that Plaintiffs received notice of the hearing on sanctions on February 5, 2022, over two weeks prior to the hearing. [Doc. 61]. Given that Plaintiffs took no action whatsoever to meet their obligations despite this significant passage of time and despite Plaintiffs having full knowledge of their discovery obligations and Defendant's request that their case be dismissed, they have demonstrated a stubborn disobedience to the orders of the Court and reckless disregard for how their actions have affected the Court and Defendant in trying to address the issues pending in this matter.

While this Court is lenient with pro se litigants, under the law that lenience must have limits. All parties, represented or not, have an obligation to attend hearings and to participate in discovery. Plaintiffs' inactions and excuses lead this Court to believe they are not fully committed to actively participating in further proceedings. As such, the Court concludes this factor is satisfied by virtue of Plaintiffs' contumacious behavior.

### D. Fourth Factor

While the Court is not required to articulate whether it considered lesser sanctions, the Court should assess whether dismissal is the only effective sanction to cure the harm of Plaintiff's failure to cooperate in discovery. *See Schafer*, 529 F.3d at 738; *See also Norris*, 734 F. App'x at 959. Here, at each step in the litigation, the Court ensured that Plaintiffs were provided with a level playing field. When their counsel withdrew, they were provided with time to secure new counsel, which they have not done even now. Because Plaintiffs were proceeding pro se at the time they failed to appear for a status hearing, the Court provided Plaintiffs with an opportunity to cure their failure to comply with discovery obligations and did not immediately impose any sanctions, despite Defendant's request for them. In its Order, the Court specifically set out what Plaintiffs were required to do to comply with their discovery obligations. Had Plaintiffs made any reasonable effort to comply, the Court would not recommend the harsh sanction of dismissal; however, Plaintiffs made no effort whatsoever to comply. When the Court offered the opportunity for Plaintiffs to explain themselves at the sanctions hearing, they were unable to provide credible, much less reasonable, excuses for repeatedly failing to cooperate with Defendant and the Court.

The Court notes that if it was not recommending dismissal as a sanction, it would recommend barring Plaintiffs from using any evidence they have claimed through the course of this litigation exists but which they have not produced. The Court would further recommend that they be barred from claiming that the evidence exists. The Court would make this recommendation because of Plaintiffs complete lack of effort in complying with the Court's discovery order. Barring Plaintiffs from presenting evidence that they have not produced would leave them unable to meet their burden of proof in the litigation, which would ultimately result in dismissal of their claims but only after the Court and Defendant have expended significantly more resources in

dealing with this matter. As such, the Court finds that dismissal is the only effective sanction to cure the harm caused by Plaintiffs' failure to comply.

## III. ATTORNEY'S FEES

Defendant requests an award of all attorney's fees and costs incurred in this matter under both Fed. R. Civ. P. 37 and 11. As to an award under Rule 37, when a party fails to obey the Court's discovery order, another party may seek sanctions. Fed. R. Civ. P. 37(b)(2). Those sanctions include the payment of the moving party's expenses. Fed. R. Civ. P. 37(b)(2)(C) ("[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."). Here, Defendant has presented facts demonstrating Plaintiffs' ongoing noncompliance with their discovery obligations, which is more troubling because they are the party who brought the litigation. Defendant has filed a notice detailing expenses incurred in litigating this matter. [Doc. 60].

In reviewing the time records submitted by Defendant's counsel, it appears that counsel expended approximately 82.8 hours in addressing the discovery disputes at issue. If that number of hours is multiplied by the average of the billing rate for the partner and associate working on the case, the total is $18,423.00[3]. While the Court does not question that counsel expended the hours reported and finds the hourly rate to be appropriate, the Court cannot find that Plaintiffs' conduct necessitated the expenditure of the hours devoted to these tasks. In considering the totality of the circumstances, the Court finds it appropriate to recommend that discovery sanctions against Plaintiffs be imposed to reimburse Defendant for attorney fees in the amount of $9,211.50.

---

[3] Should either party take exception to the Court's analysis as to the fee or recommended award, the Court will be glad to provide a line-by-line analysis to the District Court of the billing related to the discovery dispute.

Additionally, Defendant incurred fees for an electronic discovery and digital forensics expert with LBMC in the amount of $580.00. Given that Defendant received no benefit from this expenditure because Plaintiffs failed to appear to meet with the expert as ordered by the Court, the Court further recommends that this sum be reimbursed by Plaintiffs to Defendant as a discovery sanction.

As to Rule 11 sanctions, to consider an award under Rule 11 here, the Court must find that Plaintiffs have presented fraudulent claims. As such, addressing the request for Rule 11 sanctions falls outside this Court's present role which is to address discovery issues. Defendant may present the request for Rule 11 sanctions to the District Court, and the District Court can then determine whether it wishes to address the issue directly or refer it to this Court for resolution.

IV. CONCLUSION

This Court finds that the four factors to be considered when determining whether an action should be dismissed as a sanction for failure to cooperate with discovery all weigh in favor of the complaint [1-1] being dismissed. Additionally, the Court finds that Plaintiffs have willfully failed and refused to meet their discovery obligations as ordered by the Court, including failing to appear to meet with Defendant's expert. As such, the Court **RECOMMENDS**[4] that 1) the Motion for Sanctions [Doc. 52] be granted to the extent that it seeks dismissal of Plaintiffs' claims, 2) the sum of $9,211.50 be imposed against Plaintiffs as a discovery sanction to reimburse Defendant for a portion of his attorney fees incurred to address the discovery disputes at issue, and 3) Plaintiffs be

---

[4] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

required to reimburse Defendant in the amount of $580.00 for expert fees incurred as a further discovery sanction. For the reasons stated above, at this juncture the Court does not find it appropriate to make a recommendation as to Defendant's request for Rule 11 sanctions.

**RESPECTFULLY SUBMITTED,**

s/ Cynthia Richardson Wyrick
United States Magistrate Judge